IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| John Robinson, | ) | Civil Action No. |
| | ) | 9:23-cv-03056-RMG |
| Plaintiff, | ) | |
| | ) | |
| v | ) | |
| | ) | |
| Jake Parker and Payback Fishing | ) | |
| Charters, LLC, | ) | **Complaint – Admiralty** |
| | ) | **Bench Trial Demanded** |
| Defendants. | ) | |
| | ) | |
| | ) | |

COMES NOW the Plaintiff, John Robinson, complaining of the Defendants, Jake Parker and Payback Fishing Charters, LLC, who would allege and show unto this Honorable court as follows:

1.      Plaintiff John Robinson is a citizen and resident of Beaufort County, South Carolina.

2.      Upon information and belief, Defendant Jake Parker is a citizen and resident of Beaufort County, South Carolina.

3.      Upon information and belief, Payback Fishing Charters, LLC is a domestic limited liability company organized and existing pursuant to the laws of South Carolina with its principal place of business in Beaufort County, South Carolina.

4.      The vessel grounding giving rise to this action occurred in Beaufort County, South Carolina.

5.      Venue is proper in this court pursuant to 28 U.S.C. § 1391, as it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

6.    This Court has exclusive and original subject matter jurisdiction over this action pursuant to Article III of the United States Constitution and the Judiciary Act of 1789 and, to the extent this claim for relief is also within the court's subject-matter jurisdiction on some other ground, it is designated as an admiralty claim pursuant to Rule 9(h), FRCP.

7.    This claim for relief sounds in admiralty, as the incident has a connection to a vessel, occurred on navigable waters, and has a maritime nexus, such that the Court shall apply federal statutory law and the general maritime law.

8.    Jake Parker and Payback Fishing Charters, LLC may not avail themselves of the Limitation of Ship Owner's Liability Act, as the loss did not occur without the privity or privity of the vessel owner and more than six months has passed since written notice of the claim to the owner.

9.    Jake Parker and Payback Fishing Charters, LLC owned and operated a charter fishing business in Beaufort County using a 2017 Avenger AV26 center console bay boat named PAYBACK.

10.    Jake Parker and Payback Fishing Charters, LLC held themselves out as having extensive experience and expertise as charter fishing boat operators.  According to the Payback Fishing Charters, LLC website, "Captain Jake Parker started out as a mate and worked his way to Captain. He has worked with and fished with some of the most reputable and skilled captains in the low country. He was born in the Bahamas; saltwater runs in his veins, and fishing is in his blood."

11.    John Robinson accompanied his friend, Jim Springer, on a fishing charter aboard PAYBACK on February 11, 2022.

12.     Mr. Robinson relied upon the representations of Jake Parker and Payback Fishing Charters, LLC as to their experience and expertise to ensure that they had a safe trip.

13.     Mr. Parker piloted PAYBACK from the dock on Skull Creek to the first location that he intended to fish with Mr. Robinson and Mr. Springer.

14.     However, before the group could begin fishing, another boat passed close by, making that location unsuitable for fishing at that time, so Mr. Parker made the decision to move to another location.

15.     As Mr. Parker was operating PAYBACK at speed and on plane towards the second location, suddenly and without warning, the boat ran hard aground.

16.     The force of the collision caused Mr. Robinson to tumble forward onto the boat deck, striking his back, and causing him instant, severe pain.

17.     It took the combined efforts of both Mr. Parker and Mr. Springer, over approximately twenty minutes, to force the boat free of the ground and get back underway.

18.     Mr. Parker then piloted the PAYBACK to the dock where EMS was waiting to transport Mr. Robinson to the hospital.

19.     Mr. Robinson suffered bodily injury in the form of multiple spine fractures, as a direct and proximate result of this incident.

20.     Mr. Robinson has incurred, and will incur in the future, economic damage in the form of medical bills, as a direct and proximate result of this incident.

21.     Mr. Robinson has incurred non-economic damage in the form of pain, suffering, mental anguish, emotional upset, loss of enjoyment of life, and permanent injury, as a direct and proximate result of this incident.

22.     Mr. Parker was careless in his operation of the boat that he failed to exhibit that degree of care of caution that one can reasonably expect of a charter boat captain in a similar situation.

23.     Mr. Parker was reckless in his operation of the boat in that he failed to exhibit even the slightest degree of care of caution.

24.     Mr. Parker had a duty to comply with federal statutory law concerning the operation of vessels, including The Inland Rules, as codified in Title 33 of the United States Code.

25.     Mr. Parker had a duty to comply with state statutory law concerning the operation of vessels, as codified in Title 50 of the South Carolina Code.

26.     Mr. Parker had a duty to comply with federal common law, including the General Maritime Law.

27.     Mr. Parker breached these duties to Mr. Robinson in one or more of the following particulars:

    a.    In running the boat hard around at high speed;

    b.    In violating Rule 2 of the Inland Rules by failing to take precautions which may be required by the ordinary practice of seamen;

    c.    In violating Rule 2 of the Inland Rules by failing to give due regard to all dangers of navigation and the limitation of the vessel involved;

    d.    In violating Rule 5 of the Inland Rules by failing to keep a proper lookout;

    e.    In violating Rule 6 of the Inland Rules by failing to operate his vessel at a safe speed;

    f.    In violating Rule 7 of the Inland Rules by failing to use all available means appropriate to the prevailing circumstances to determine if a risk of collision existed;

    g.    In violating S.C. Code Ann. § 50-21-110 by operating a vessel in a negligent manner by operating too fast for conditions on the water;

    h.      In violating S.C. Code Ann. § 50-21-111 by operating a vessel in such a manner as to indicate willful or wanton disregard for the safety of people;

    i.      In failing to familiarize himself with nautical charts, which provide information about the depth of water in locations he intended to transit;

    j.      In failing to familiarize himself with the tides, and in turn the depth of water at a given time, in locations he intended to transit;

    k.      In failing to equip his vessel with a depth sounder or, if it was so equipped, in failing to properly use the depth sounder to avoid running aground;

    l.      In failing to use reasonable care to protect his customers and guests;

    m.      In failing to keep his vessel under proper control;

    n.      In violating S.C. Code Ann. § 50-21-130 by failing to report the incident with the South Carolina Department of Natural Resources;

    o.      In such additional and other aspects, as shall be developed through discovery and proven at trial.

28.    As a direct and proximate result of the carelessness, recklessness, negligence, gross negligence, and negligence per se of Mr. Parker, Mr. Robinson sustained life-altering injuries and incurred significant economic and non-economic damages.

29.    Payback Fishing Charters, LLC was acting as a principal and Mr. Parker was acting as an agent at all times relevant hereto.

30.    Payback Fishing Charters, LLC was acting as a master and Mr. Parker was acting as a servant at all times relevant hereto.

31.    Mr. Parker was acting in the course and scope of employment with Payback Fishing Charters, LLC at all times relevant hereto.

32.    Payback Fishing Charters, LLC is vicariously liable for the negligent acts of Mr. Parker pursuant to the doctrine of respondeat superior.

WHEREFORE the Plaintiff prays unto this Court for a bench trial, for the Plaintiff to be adjudged as having no comparative fault, for judgment to be entered against the Defendants jointly and severally, for the Plaintiff to be awarded actual damages in an appropriate amount, for the Plaintiff to be awarded punitive damages in an appropriate amount, for the Plaintiff to be awarded prejudgment interest, all as allowed by the General Maritime Law of the United States, and for such other and further relief as this Court might deem just and proper.

Respectfully submitted,

CLAWSON FARGNOLI UTSEY, LLC

s/ Samuel R. Clawson, Jr.
Samuel R. Clawson, Jr. (Fed. ID No. 11850)
Christy R. Fargnoli (Fed. ID No. 10364)
The Presqu'ile House
2 Amherst Street
Charleston, SC 29403
843.970.2700 (o)
843.970.1780 (f)
sam@cfulaw.com
christy@cfulaw.com

VAUX MARSCHER BERGLIND, PA

s/ Mark S. Berglind
Mark S. Berglind (Fed. ID No. 9859)
Post Office Box 769
Bluffton, South Carolina 29910
Telephone 843-757-2888
Facsimile 843-757-2889
mark.berglind@vmblawfirm.com

June 28, 2023
Bluffton, South Carolina